E-filing

1   Deborah J. Fox (SBN: 110929)
    dfox@meyersnave.com
2   Tricia L. Hynes (SBN: 212550)
    thynes@meyersnave.com
3   MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
4   Oakland, CA  94607
    Telephone: (510) 808-2000
5   Facsimile: (510) 444-1108

6   Attorneys for Defendants
    CITY OF PITTSBURG, CHIEF AARON BAKER,
7   LIEUTENANT DERBY, SERGEANT CALIA, and
    SERGEANT DUPONT
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  ALFRED J. ABONO, JR.,                    Case No: C07-05371

12                  Plaintiff,

13  v.                                       DEFENDANTS' NOTICE OF REMOVAL
                                             OF ACTION UNDER 28 U.S.C. §§ 1331 and
14  CITY OF PITTSBURG, a municipal entity    1441(b) & (c)
    form unknown; AARON L. BAKER, Chief of   [Removal based on Federal Question]
15  Police, City of Pittsburg in his individual and
    official capacity; LT. W. DERBY, City of
16  Pittsburg Police Department, an individual,
    SGT. (fnu) CALIA, City of Pittsburg Police
17  Department, an individual, SGT. (fnu)     State Court Complaint Filed:  September 21, 2007
    DUPONT, City of Pittsburg Police
18  Department, an individual, and JOHN DOES
    1-20,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE THAT DEFENDANTS CITY OF PITTSBURG, CHIEF AARON

3   BAKER, LIEUTENANT DERBY, SERGEANT CALIA, and SERGEANT DUPONT, hereby remove

4   to this Court the state court action described below:

5        On September 21, 2007, an action was commenced in the Superior Court of the State of

6   California, in and for the County of Contra Costa, entitled "ALFRED J. ABONO, JR., Plaintiff v.

7   CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City

8   of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police

9   Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual,

10  SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20,

11  Defendants." It was assigned case number C07-0173 by the Contra Costa County Superior Court.

12  This action is attached hereto as Exhibit A.

13       1.    Defendants were served with the Summons and Complaint on or about September 21,

14  2007.

15       2.    This action is a civil action in which this Court has original jurisdiction under 28 U.S.C.

16  §§ 1331 and 1441(b) & (c) in that the nature of the claims purport to arise under the Constitution and

17  laws of the United States, regardless of how they are labeled. Specifically, the action alleges violations

18  of Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C. §

19  1983, in that Plaintiff alleges that "[he] and other HAMC (Hell's Angels Motorcycle Club) related

20  individuals were denied their Constitutional right to wear their patches, to display their club insignia,

21  and to freely associate with other HAMC members and friends while enjoying the Thunder Days

22  event." Mr. Abono further alleges that he was merely trying to enjoy his constitutional rights when the

23  defendants violated them. Complaint, p 5, ¶ 19, lns. 5-10, and p. 7, ¶ 28, lns. 18-19.

24       3.    Plaintiff currently has an identical Complaint pending in federal court, U.S. District

25  Court, Northern District Action No. C07-3969 EDL, arising out of the same incident, which is attached

26  hereto as Exhibit B. The defendants respectfully request that the Court take judicial notice of

27  ///

28  ///

---

Defs' Notice of Removal of Action Under 28 U.S.C. §§ 1331 & 1441 (b) & (c)                                    1

1  this Complaint and the defendants' Motion to Relate Actions pursuant to Local Rule 312, filed

2  concurrently herewith.

3

4  Dated:   October 22, 2007                     Respectfully submitted,

5                                                MEYERS, NAVE, RIBACK, SILVER & WILSON

6

7                                                By: *Tricia L. Hynes*

8                                                    Deborah J. Fox
                                                     Tricia L. Hynes
                                                     Attorneys for Defendants
9                                                    CITY OF PITTSBURG, CHIEF AARON BAKER,
                                                     LIEUTENANT DERBY, SERGEANT CALIA, and
10                                                   SERGEANT DUPONT

11

12   1018690_1.DOC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*CC: Ruthann...*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PITTSBURG, a municipal entity form unknown
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alfred J. Abono, Jr.

**RECEIVED**

SEP 21 2007
*D.E.    9:00am*

**CITY CLERK**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

AUG -9 2007

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By    S. KRICKEN    Deputy Clerk

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street
Martinez, California

CASE NUMBER
*(Número del Caso):* C07 - 0173 ?

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis Cunningham, 115 1/2 Bartlett Street, San Francisco, CA 94110  (415) 285-8091
Jai M. Gohel, 819 Eddy Street, San Francisco, CA 94109  (415) 771-6174

| DATE:<br>*(Fecha):* | AUG -9 2007 | Clerk, by<br>*(Secretario)* | S. KRICKEN<br>**CLERK OF THE SUPERIOR COURT** | Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):*

   under: [ ]  CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ]  CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ]  CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ]  other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**EXHIBIT A**

SUM-200(A)

| SHORT TITLE:<br>Abono v. City of Pittsburg, et. al. | CASE NUMBER:<br>C07 - 0173 |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity, LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, and JOHN DOES 1-20.

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1   DENNIS CUNNINGHAM, SBN 11290
    Law Offices of Dennis Cunningham
2   115 ½ Bartlett Street
    San Francisco, California 94110
3   Telephone: (415) 285-8091
    Facsimile: (415) 285-8092
4

5   JAI M. GOHEL, SBN 170782
    Attorney at Law
6   819 Eddy Street
    San Francisco, California 94109
7   Telephone: (415) 771-6174
    Facsimile: (415) 474-3748
8

9   Attorneys for Plaintiff
    ALFRED J. ABONO, JR.
10

    F I L E D

    AUG - 9 2007

    K. TORRE CLERK OF THE COURT
    SUPERIOR COURT OF THE STATE OF CALIFORNIA
    COUNTY OF CONTRA COSTA
    By_____ S. KRICKEN Deputy Clerk

11

12           SUPERIOR COURT OF CALIFORNIA
             FOR CONTRA COSTA COUNTY
13                  -oo0oo-

14   ALFRED J. ABONO, JR.,
                       No.   **C 0 7 - 0 1 7 3 -**
15         Plaintiff,

16       v.
                        **COMPLAINT FOR DAMAGES FOR**
17   CITY OF PITTSBURG, a municipal entity   **VIOLATION OF CIVIL RIGHTS AND**
    form unknown, AARON L. BAKER, Chief of   **OTHER WRONGS**
18   Police, City of Pittsburg in his individual and
    official capacity, LT. W. DERBY, City of
19   Pittsburg Police Department, an individual,   **JURY TRIAL DEMANDED**
    SGT. (fnu) CALIA, City of Pittsburg Police
20   Department, an individual, SGT. (fnu)
    DUPONT, City of Pittsburg Police   **PER LOCAL RULES 5 THIS**
21   Department, and JOHN DOES 1-20.     **CASE IS ASSIGNED TO**
                               **DEPT. _____**
22
        Defendants.
23

24                 **I. INTRODUCTION**

25     Plaintiff seeks compensatory and punitive damages arising from false arrest, intimidation and

26   repression of his state constitutional and fundamental rights by officers of the Pittsburg, California

27   police department.

28

                            -1-

COMPLAINT FOR DAMAGES

1    This suit arises from plaintiff's attendance at a civic motorcycle fair ("Thunder Days") on June

2    24, 2006, which was held on public streets in Pittsburg, California. When plaintiff appeared at the

3    fair, defendant police officers asserted that he was prohibited from entering and/or remaining at the

4    fair if he continued to wear clothing that bore the name and trademarked insignia of the Hells

5    Angels Motorcycle Club ("HAMC").

6         Various Defendant officers claimed that they were acting pursuant to a valid Pittsburg City

7    "Ordinance", and at other times declared that they were giving effect to a binding "Policy" of the

8    City of Pittsburg. In fact, neither in June 2006, nor at the time of filing the instant Complaint, was

9    there any ordinance or lawfully adopted policy of the City of Pittsburg that would support

10   defendants' assertions and declarations that defendant was prohibited from wearing clothing with

11   the name and trademarked insignias of the HAMC at a public event such as "Thunder Days".

12         When plaintiff Alfred J. Abono, Jr. refused to leave or disrobe, he was first threatened with

13

14   arrest, and then actually arrested and taken into custody for trespassing and obstructing a police

15   officer. Thereafter, again in violation of his fundamental rights, plaintiff was prosecuted in Contra

16   Costa County, California, for alleged violations of the non-existent Pittsburg ordinance and/or

17   "policy". This prosecution was subsequently dismissed by the Honorable Charles Burch of the

18

19   Contra Costa Superior Court on or about May 3, 2007.

20

21                           **II. JURISDICTION AND VENUE**

22         1.   This Court has jurisdiction of these claims under the Constitution of California by way of

23   the Bane Act, Cal. Civil Code §§ 52.1 and 52, related Civil Code provisions in §§43, 1708 and 3333,

24   and the common law.

25         2.   Venue in this Court is proper because the acts complained of occurred in the district, and

26   the parties all live, work, or are situated in Pittsburg or nearby.

27         3.   Plaintiff filed a Government Code § 910 claim for damages against the City of Pittsburg on

28

1   December 26, 2006, which the City rejected on February 21, 2007, making this lawsuit timely and

2   necessary.

3                                    **III. PARTIES**

4        4.  **Plaintiff** Alfred J. Abono, Jr. is a U.S. citizen and resident of the Contra Costa County,

5   California.

6        5.  **Defendant** City of Pittsburg ("City") is a municipal entity, form unknown, operating as a

7   City under the laws of the State of California.

8        6.  Defendant Aaron Baker is the Chief of Police of the City of Pittsburg Police Department,

9   and therefore alleged to be the ultimate policymaker for the department.

10       7.  Defendants Lt. W. Derby, Sgt. (fnu) Calia and Sgt. (fnu) DuPont are sworn officers of the

11  City of Pittsburg Police Department.

12       8.  Does 1 through 20 are City of Pittsburg police officers (whether line officers or

13  supervisors), Contra Costa County Sheriff's Deputies, or other officials or policymakers, whose

14  identities are unknown at the present time.  All references within to "defendants", collectively,

15  include these Doe defendants.  Plaintiff will move to substitute their true names after they become

16  known.

17       9.  The individual defendants, including all individual Doe defendants, carried out the actions

18  complained of in their individual capacities, under color of state law, in the course and scope of their

19  employment as employees of the City of Pittsburg.

20       10. The City is obligated, under Cal. Government Code § 825(a), to pay any compensatory

21  damages awarded against the individual officers.  Nevertheless, the defendants are all jointly and

22  severally liable for any damages awards.

23                          **IV.    FACTUAL ALLEGATIONS**

24       11.      On June 24, 2006, plaintiffs Alfred J. Abono Jr. and other members of the

25  Richmond Chapter of the HAMC planned to attend a motorcycle show, "Thunder Days", which

26  was held on a blocked-off section of Railroad Avenue in the city of Pittsburg, Contra Costa County,

27

28

                                        -3-

1  California. The event was sponsored by the Pittsburg Chamber of Commerce, and was open to the

2  general public.

3       12.     There were no fixed entrance or exit points to and from the Thunder Days event,

4  nor was there any admission charge. Attendees were free to enter and exit as they pleased, and they

5  were even allowed to ride their motorcycles into the event (although cars were prohibited).

6       13.     There were no gates or physical barriers to entry for pedestrians. However police

7  officers had placed a hand-lettered sign on a small sawhorse at one end of the blocked off section

8

9  stating "NO CLUB JACKETS".

10       14.     The HAMC has existed as an organization for more that 50 years. Its name and

11  insignias are recognized world-wide by members of the public and in the media as emblematic and

12  representative of a lifestyle of independence and freedom, without apology, within the bounds, but

13  without fear of authority.

14       15.     The HAMC name, death-head symbols, related patches, pins and other paraphernalia

15  have been registered and are protected by United States Trademark and Copyright laws. The

16  HAMC has vigorously protected its intellectual rights in these regards, and has successfully taken

17  immediate and firm action to curb violations of such rights against infringers ranging from

18

19  individuals to large corporations , including Walt Disney.

20       16.     During the Thunder Days event on June 24, 2006, plaintiff Abono arrived on his

21  motorcycle and entered the Thunder Days perimeter. He was wearing his HAMC club insignia

22  ("patch"), and other items of HAMC-related paraphernalia.

23       17.     As of June 24, 2006, Mr. Abono had been an HAMC member for more than 35

24  years. He wore and refused to remove his black leather jacket bearing a "Hells Angels" top "rocker"

25  patch, a middle "death-head" patch depicting a winged skull, a "California" bottom "rocker" patch,

26

27  and a smaller "MC" [Motorcycle Club] patch.

28

-4-

COMPLAINT FOR DAMAGES

1      18.    Defendant officers then informed plaintiff Abono that an ordinance of the City of

2  Pittsburg required that he either remove his HAMC insignia, or in the alternative, immediately leave

3  the Thunder Days event. Mr. Abono respectfully expressed his disbelief that any such ordinance

4  existed and asked to see the ordinance. No such ordinance was shown to him.

5      19.    Plaintiff Abono also explained his belief that he and other HAMC-related individuals

6  had a Constitutional right to wear their patches, to display their club insignia, and to freely associate

7  with other HAMC members and friends while enjoying the Thunder Days event. Mr. Abono then

8  engaged in a short, respectful discussion with the defendants in which he attempted to make them

9  understand his position.

10

11      20.    Defendant officers ignored plaintiff's explanation and protestation that he had a

12  constitutional right to wear his HAMC-related clothing and paraphernalia at the Thunder Days

13  event, threatened to arrest plaintiff, and then actually placed him under arrest in response to his

14  protestations and refusal to remove articles of his clothing that bore HAMC trademarked insignia.

15  Mr. Abono was handcuffed on the street in front of numerous attendees at the event, and taken to

16  jail, where he was booked for a supposed violation of Cal. Penal Code, §§ 602(l), 602.1(b) and

17  148(a).

18

19      21.    While in custody, plaintiff was photographed repeatedly, including front and back

20  pictures of his bare torso. Mr. Abono was incarcerated for several hours before being released.

21      22.    After his arrest, Mr. Abono was prosecuted in Contra Costa Superior Court, Case

22  No: 04-150582-5 for violation of Cal. Penal Code, §§ 602(o) and 148(a). The Pittsburg Police

23  Incident Reports generated by defendants, and others, did not refer to a Pittsburg City "Ordinance"

24  as the basis for the arrest, but now referred only to a Pittsburg City "Policy" banning "club jackets,

25  gang attire or other similar apparel" at public events.

26

27      23.    During the course of the criminal prosecution of Mr. Abono, the City of Pittsburg,

28  through a representation made by a Deputy District Attorney for Contra Costa County after a

-5-

COMPLAINT FOR DAMAGES

1  conversation with the Pittsburg City Attorney's Office on March 29, 2007, informed Judge Charles

2  Burch of the Contra Costa County Superior Court that there "was no code section that would allow

3  for the City's policy to ban club jackets at public events."

4      24.     The prosecution was dismissed with prejudice by the Contra Costa County Superior

5  Court some nine months later on May 3, 2007. In order to address such bogus and improperly-

6  brought criminal charges, Mr. Abono was compelled to expend $3,500 for a defense attorney, and

7

8  was required to make at least seven court appearances spanning seven months.

9                    **V. CAUSES OF ACTION**

10                   **FIRST CAUSE OF ACTION:**
                     Violation of Freedom of Speech and Association
11                          (All Defendants)

12

13     25. The Orders by defendant police officers to plaintiff to remove his Hells Angels jacket or

14 leave the motorcycle fair was perfectly unfounded, unconstitutional and illegal, since defendants had

15 no reasonable or rational or colorable legal grounds on which to forbid him from wearing it, and his

16 right to wear it was a matter of freedom of speech, and association, protected by Article One,

17 Sections 1 and 2. By threatening him with arrest and then arresting him, the defendant officers

18 interfered with plaintiff's exercise and enjoyment of these rights by threat, intimidation and coercion,

19 entitling him to judgment for damages and penalties under the Bane Act, California Civil Code §52.1

20 *et seq.*

21                  **SECOND CAUSE OF ACTION:**
                       False Arrest and Imprisonment
22                          (All Defendants)

23     26. As above, the arrest of plaintiff as a means of (illegally) cutting off his Free Speech

24 rights, and punishing him summarily for attempting to exercise them, was groundless and false, in

25 violation of his right against unreasonable seizure under the Article One, Section 13 of the California

26 Constitution, again by way of threat, intimidation and coercion within the prohibition of California

27 Civil Code § 52.1, entitling him to judgment against the individual defendants who arrested him, and

28

-6-

1   against the City as well, in *respondeat*, and for the "policy" as asserted by its officers, throughout, for

2   the damages and loss he suffered, as described and to be shown.

3                               **THIRD CAUSE OF ACTION:**
        **Cal. Constitution, Art. I, §§ 1 and 13; Cal. Civil Code §§ 1708 and 3333;**

4                          **Cal. Cal. Gov't Code §§ 815.2 and 815.6**
                                  **and California Common Law**

5

6       27.  Defendant City is liable as a municipal entity for breaching mandatory duties to

7   investigate, punish, and prevent police misconduct, and to protect people from false arrest and

8   imprisonment, which proximately caused plaintiff's injuries herein, per Cal. Government Code

9   §815.6.  The City of Pittsburg is further liable in *respondeat superior* for false arrest and imprisonment,

10  committed by the individual defendant officers, in the course and scope of their employment, per

11  Gov't Code § 815.2.

12

13                              **FOURTH CAUSE OF ACTION:**
                          **Defamation and Invasion of Privacy (False Light)**

14                                **California Common Law**
                                      **(All Defendants)**

15

16      28.      By making a public spectacle of their detention and arrest of plaintiff – by drawing

17  attention to him, arresting him, handcuffing him, and placing him in a transport vehicle—at a public

18  street fair event, defendants defamed him in the public eye and portrayed him in the utterly false

19  light of a dangerous scofflaw or miscreant, when in fact, he was merely exercising his

    constitutionally protected rights.

20

21      29.      Defendant City is liable in *respondeat superior* for defamation and invasion of

22  privacy (false light), committed by the individual defendant officers, in the course and scope of

    their employment, per Gov't Code § 815.2.

23

24                           **VI.  DAMAGES AND REMEDIES**

25      **WHEREFORE,** the plaintiff prays for judgment against the defendants, jointly and

26  severally, for compensatory and punitive damages in such amounts as a Jury may see fit to award;

27  together with the enhancements, civil penalties and attorney fees prescribed by the statute, California

28

                                          -7-

1  Civil Code § 52 *et. seq*; and such other and further relief as may be deemed just and appropriate in

2  the premises.

3

4  DATED: August 9, 2007

5

6

7

8

9

Respectfully Submitted,

DENNIS CUNNINGHAM
JAI M. GOHEL
Attorneys for Plaintiff
ALFRED J. ABONO, JR.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

*cc: Ruthann alia*

# United States District Court
## NORTHERN ~~DISTRICT~~ *E-filing* OF CALIFORNIA

RECEIVED

SEP 21 2007

*D.E.    9:00am*

**CITY CLERK**

Alfred J. Abono, Jr., Mark W. Davis and Daniel Roay

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

v.

CITY OF PITTSBURG, a municipal entity form unknown, AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capa



**EDL**

TO: (Name and address of defendant)

CITY OF PITTSBURG, a municipal entity form unknown, AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity, LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, and JOHN DOES 1-20.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Dennis Cunningham
115 1/2 Bartlett Street
San Francisco, CA 94110

(415) 285-8091

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking                                              DATE_____2 2007_____
CLERK

MARY ANN BUCKLEY
_____
(BY) DEPUTY CLERK

**EXHIBIT B**

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| | DATE | |
| Service of the Summons and Complaint was made by me [1] | | |
| Name of SERVER | TITLE | |

| Check one box below to indicate appropriate method of service |
|---|

☐     Served Personally upon the Defendant. Place where served:

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐     Returned unexecuted:

☐     Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    _____        _____
                 *Date*                          *Signature of Server*

                                                  _____
                                                  *Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

1   DENNIS CUNNINGHAM, CA SBN 111290
    Law Offices of Dennis Cunningham
2   115 ½  Bartlett Street
    San Francisco, California 94110
3   Telephone:  (415) 285-8091
    Facsimile:   (415) 285-8092
4
5   ALAN CAPLAN, MA SBN 072700
    630 Carolina Street
6   San Francisco, CA 94107
    Telephone:  (415) 826-2371
7   Facsimile:   (415) 824-7148
    Email: apc716@pacbell.net
8
9   JAI M. GOHEL, CA SBN No. 170782
    Attorney at Law
10  819 Eddy Street
    San Francisco, California 94109
11  Telephone: (415) 771-6174
    Facsimile:   (415) 474-3748
12  Email: jaigohel@rocketmail.com
13
    Attorneys for Plaintiffs
14
15              IN THE UNITED STATES DISTRICT COURT
16          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              -ooOoo-
17  ALFRED J. ABONO, JR.,  MARK W. DAVIS
    and DANIEL ROAY,
18                      Plaintiffs,              No.
19          v.
20  CITY OF PITTSBURG, a municipal entity      **FIRST AMENDED COMPLAINT FOR**
    form unknown, AARON L. BAKER, Chief of     **DECLARATORY AND INJUNCTIVE**
21  Police, City of Pittsburg in his individual and   **RELIEF, AND DAMAGES, FOR**
    official capacity, LT. W. DERBY, City of    **VIOLATIONS OF CIVIL RIGHTS AND**
22  Pittsburg Police Department, an individual,  **OTHER WRONGS**
    SGT. (fnu) CALIA, City of Pittsburg Police
23  Department, an individual, SGT. (fnu)
    DUPONT, City of Pittsburg Police           **JURY TRIAL DEMANDED**
24  Department, and JOHN DOES 1-20.
25                      Defendants.
26
27
28
                                    -1-

    **FIRST AMENDED COMPLAINT**

**I.    INTRODUCTION.**

1.    Plaintiffs seek injunctive and declaratory relief and damages herein, arising from the intimidation and squelching of the First Amendment rights of plaintiffs by officers of the Pittsburg, California Police Department, and the false arrest of plaintiff Abono, on June 24, 2006. All plaintiffs were members in good standing of the Hells Angels Motorcycle Club ("HAMC").

2.    On Saturday, June 24, 2006, a civic motorcycle fair ("Thunder Days") was held on public streets in Pittsburg, California. When plaintiffs appeared at the fair, defendant police officers asserted that they were prohibited from entering and/or remaining at the fair to display or sell merchandise bearing the name and trademark of the HAMC, and threatened them with arrest for doing so. Defendants also told plaintiffs that they were not permitted to display or sell merchandise bearing the HAMC name at a vending stall.

3.    Defendants claimed in some instances that they were acting pursuant to a valid Pittsburg City "Ordinance", and at other times declared that they were giving effect to a binding "Policy" of the City of Pittsburg. In fact, neither in June 2006, nor at the time of filing the instant Complaint, was there any ordinance or lawfully adopted policy of the City of Pittsburg that would support defendants' assertions and declarations that defendants were prohibited from wearing or selling clothing with the name and trademarked insignias of the HAMC at a public event such as "Thunder Days".

4.    When plaintiff Alfred J. Abono, Jr. refused to leave or disrobe, he was arrested and taken into custody for trespassing and obstructing a police officer. Thereafter, in violation of his fundamental rights, plaintiff was prosecuted in Contra Costa County, California, for alleged violations of the non-existent Pittsburg ordinance and/or "policy". This prosecution was subsequently dismissed with prejudice by the Honorable Charles Burch of the Contra Costa Superior Court on or about May 3, 2007.

-2-

FIRST AMENDED COMPLAINT

5. Defendant police officers also forced plaintiff Mark W. Davis to leave the premises of the Thunder Days street fair by threatening him with arrest if he continued to display or sell merchandise bearing the HAMC name and/or trademarked insignias. At the same time, defendants also warned plaintiff Davis that in the future, the same restrictions against wearing such clothing would be enforced against him and other members of the HAMC at all public events held in the City of Pittsburg, and pointedly specified that such prohibition would be strictly imposed at the large-scale annual "Seafood Fair" held in and by the City of Pittsburg in September, 2006.

6. As a result of the arrest and prosecution of plaintiff Abono for displaying his HAMC insignia at "Thunder Days", and out of concern for being subjected to further unlawful and unconstitutional harassment by defendant Pittsburg Police Officers, plaintiffs and HAMC-related friends and associates did not attend the Pittsburg Seafood Festival in September, 2006.

7. Plaintiffs remain directly and immediately threatened by defendants with further deprivations of constitutional rights guaranteed to them by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and by parallel provisions of the Constitution of the State of California. Such violations are actionable pursuant to the federal Civil Rights Acts, 42 U.S.C. § 1983, *et. seq.*, and § 1988, and pursuant to the Bane Act, Cal. Civil Code, § 52.1, *et. seq.*

8. The threat of further violations of plaintiffs' federal and California state constitutional rights shows the need for preliminary and permanent injunctive relief, to protect plaintiffs and their associates from imminent and irreparable harm for which there is no adequate remedy at law. They also seek a formal declaration of their rights with respect such threatened future violations by defendants.

9. Plaintiffs further seek monetary damages arising from defendants' violations of their constitutional rights during the 2006 "Thunder Days" event, and afterwards.

10. Additionally, in this Complaint the plaintiffs speak for themselves and those associated with them in the Hells Angels, who are also targeted and unconstitutionally wronged by the defendant

-3-

FIRST AMENDED COMPLAINT

1   City's purported policy of banning display of the symbols of their Association with the HAMC, and

2   also threatened with imminent constitutional harm in the form of a ban to be enforced at the 2007

3   Seafood Fair or elsewhere --- to say nothing of the more quotidian regime of harassment, prejudice

4   and disrespect which group members continuously suffer at the hands of the defendant officers and

5   their associates, on the defendant Pittsburg police force --- and these individuals have generally

6   agreed to be spoken for by these plaintiffs in this action.

7
      11. Therefore, if deemed necessary and appropriate, a class to include all HAMC members could

8   readily be found and certified pursuant to Rule 23, F.R. Civ. P. with respect to the equitable claims

9
10  herein.

11                  II.    JURISDICTION AND VENUE

12      12. The Court has jurisdiction to grant the relief requested herein pursuant to the Civil Rights

13  Acts, 42 U.S.C. § 1983, *et seq*, the Judicial Code, 28 U.S.C. Secs. 1331, 1343 and 2201, the

14  constitutions of the United States and State of California, federal and California common law, and

15
16  Cal. Civil Code, §§ 52.1, 52, 43, 1708 and 3333.

17      13. Venue in this Court is proper because the acts complained of occurred in the Northern

18  District of California, and all parties live, work or are situated in Pittsburg, California, or nearby.

19      14. On December 26, 2006, pursuant to Cal. Government Code, § 910, plaintiff Abono filed a

20  claim for damages against the City of Pittsburg. Such claim was rejected on February 21, 2007.

21                  III.    PARTIES.

22      15. Plaintiff Alfred J. Abono, Jr. is a United States citizen and a resident of Contra Costa

23  County, California.

24
      16. Plaintiff Mark W. Davis is a citizen of the United States and a resident of Contra Costa

25  County, California.

26
      17. Plaintiff Daniel Roay is a citizen of the United States and a resident of Contra Costa County,

27
28  California.

**FIRST AMENDED COMPLAINT**

18. Defendant City of Pittsburg ("city") is a municipal entity, for unknown, operating as a City under the Laws of the State of California.

19. Defendant Aaron Baker is the Chief of Police of the City of Pittsburg Police Department, and Therefore Alleged to Be the ultimate policy maker for the department.

20. Defendant's Lt. W. Derby, Sergeant (fnu) Calia and Sergeant (fnu) DuPont are sworn officers of the City of Pittsburg Police Department.

21. Does 1 through 20 are City of Pittsburg police officers (whether line officers or supervisors), Contra Costa County Sheriff's Deputies, or other officials or policymakers, whose identities are unknown at the present time. All references herein to "defendants", collectively, include these Doe defendant's. Plaintiffs will move to substitute their true names after they become known.

22. The individual defendants, including all individual Doe defendants, carried out the actions complained of in their individual capacities, under color of state law, in the course and scope of their employment as employees of their respective law enforcement agencies.

23. The City is obligated, under Cal. Government Code, § 825(a), to pay any compensatory damages awarded against the individual defendants. Nevertheless, the defendants are jointly and severally liable for any damage awards.

### IV.    FACTUAL ALLEGATIONS.

24. On June 24, 2006, plaintiffs Alfred J. Abono Jr., Mark. W. Davis, as well as Daniel Roay, and other members of the Richmond Chapter of the HAMC planned to attend a motorcycle show, "Thunder Days", which was held on a blocked-off section of Railroad Avenue in the city of Pittsburg, Contra Costa County, California. The event was sponsored by the Pittsburg Chamber of Commerce, and was open to the general public.

-5-

FIRST AMENDED COMPLAINT

1    25. There were no fixed entrance or exit points to and from the Thunder Days event, nor was

2    there any admission charge. Attendees were free to enter and exit as they pleased, and they were

3    even allowed to ride their motorcycles into the event (although cars were prohibited).

4    26. There were no gates or physical barriers to entry for pedestrians. However police officers

5    had placed a hand-lettered sign on a small sawhorse at one end of the blocked off section stating

6

7    "NO CLUB JACKETS".

8    27. Prior to the Thunder Days event, a motorcycle dealer in Pittsburg, who had been assigned

9    an official booth [hereinafter, "Motorcycle Dealer Booth"] had agreed that the plaintiffs could share

10   his booth in order to sell licensed HAMC-related paraphernalia.

11   28. The HAMC has existed as an organization for more that 50 years. Its name and insignias are

12   recognized world-wide by members of the public and in the media as emblematic and representative

13   of a lifestyle of independence and freedom, without apology, within the bounds, but without fear of

14   authority.

15   29. The HAMC name, death-head symbols, related patches, pins and other paraphernalia have

16

17   been registered and are protected by United States Trademark and Copyright laws. The HAMC has

18   vigorously protected its intellectual rights in these regards, and has successfully taken immediate and

19   firm action to curb violations of such rights against infringers ranging from individuals to large

20   corporations , including Walt Disney.

21   30. Early on the morning of June 24, 2006, plaintiff Mark Davis and other HAMC members and

22   friends arrived at the Motorcycle Dealer Booth with a quantity of HAMC related T-shirts and other

23   paraphernalia, and began to arrange a display on a table to attract donors and customers from the

24

25   passing crowds.

26   31. Before they could complete arranging their materials, plaintiff Mark W. Davis was

27   approached by defendant Pittsburg police officers. The officers told plaintiff Davis that HAMC

28   members were not permitted to display any articles bearing any HAMC symbols at the Thunder

-6-

FIRST AMENDED COMPLAINT

1   Days event. Defendants also insisted that all HAMC paraphernalia offered for sale be immediately

2   removed from the event. Defendants asserted that if plaintiffs and friends failed to remove their

3   personal HAMC-related insignia, or alternatively to leave the event, and/or if they failed to remove

4   the HAMC paraphernalia that was offered for sale, they would be arrested.

5

6      32. Defendant officers told plaintiff Davis that an ordinance of the City of Pittsburg banned and

7   prohibited public display of HAMC insignia at the Thunder Days event.

8      33. To the contrary, however, defendant officers were well aware, or should have aware, that no

9   such ordinance of the City of Pittsburg existed.

10     34. Rather than submit to arrest, plaintiff Davis's HAMC-related friends withdrew from the

11   marked-off area and waited in a nearby restaurant, while Mr. Davis began to pack-up the HAMC

12   paraphernalia in compliance with the officers' order. Plaintiff Daniel Roay, who had been expecting

13   to join Plaintiff at the event and assist plaintiff Davis was thus warned off and did not attend.

14     35. It was at this point in time that plaintiff Abono arrived on his motorcycle and entered the

15   Thunder Days perimeter. He was wearing his HAMC club insignia ("patch"), and other items of

16

17   HAMC-related paraphernalia.

18     36. As of June 24, 2006, Mr. Abono had been an HAMC member for more than 30 years. He

19   wore and refused to remove his black leather jacket bearing a "Hells Angels" top "rocker" patch, a

20   middle "death-head" patch depicting a winged skull, a "California" bottom "rocker" patch, and a

21   smaller "MC" [Motorcycle Club] patch.

22     37. Defendant officers then informed plaintiff Abono that an ordinance of the City of Pittsburg

23   required that he either remove his HAMC insignia, or in the alternative, immediately leave the

24   Thunder Days event. Mr. Abono respectfully expressed his disbelief that any such ordinance existed

25   and asked to see the ordinance. No such ordinance was shown to him.

26

27     38. Plaintiff Abono also explained his belief that he and other HAMC-related individuals had a

28   Constitutional right to wear their patches, to display their club insignia, and to freely associate with

1    other HAMC members and friends while enjoying the Thunder Days event. Mr. Abono then

2    engaged in a short, respectful discussion with the defendants in which he attempted to make them

3    understand his position.

4        39. Defendant officers ignored plaintiff's explanation and protestation that he had a

5    constitutional right to wear his HAMC-related clothing and paraphernalia at the Thunder Days

6    event, and placed him under arrest in response to his protestations. Mr. Abono was handcuffed on

7    the street in front of numerous attendees at the event, and taken to jail, where he was booked for a

8    supposed violation of Cal. Penal Code, §§ 602(l), 602.1(b) and 148(a).

9

10       40. While in custody, plaintiff was photographed repeatedly, including front and back pictures of

11   his bare torso. Mr. Abono was incarcerated for several hours before being released.

12       41. After his arrest, Mr. Abono was prosecuted in Contra Costa Superior Court, Case No: 04-

13   150582-5 for violation of Cal. Penal Code, §§ 602(o) and 148(a). The Pittsburg Police Incident

14   Reports generated by defendants, and others, did not refer to a Pittsburg City "Ordinance" as the

15   basis for the arrest, but now referred only to a Pittsburg City "Policy" banning "club jackets, gang

16   attire or other similar apparel" at public events.

17

18       42. During the course of the criminal prosecution of Mr. Abono, the City of Pittsburg, through

19   a representation made by a Deputy District Attorney for Contra Costa County after a conversation

20   with the Pittsburg City Attorney's Office on March 29, 2007, informed the Contra Costa County

21   Superior Court that there "was no code section that would allow for the City's policy to ban club

22   jackets at public events."

23       43. The prosecution was dismissed with prejudice by the Contra Costa County Superior Court

24   some  nine months later on May 3, 2007. In order to address such bogus and improperly-brought

25   criminal charges, Mr. Abono was compelled to expend $3,500 for a defense attorney, and was

26   required to make at least seven court appearances spanning seven months.

27

28

1    44. At all relevant times, plaintiff held a clearly established right under the First Amendment to

2    the United States Constitution and under Article 1, Sections 1 and 2 of the California Constitution

3    to wear and display the name and insignia of the HAMC, and to associate publicly with other

4    persons who wear clothing bearing such name and insignia. Mr. Abono had an equally clearly

5    established right to be free from (false) arrest and prosecution for exercising such right.

6

7    45. No police officers in defendants' position and with their knowledge of the circumstances

8    could have reasonably believed that there was any lawful basis for their orders to plaintiffs to

9    remove their clothing bearing the HAMC name and insignia, or to arrest plaintiff Abono for his

10    refusal to do so. Therefore no defendant is entitled to qualified immunity from this action.

11

12                          **V. CAUSES OF ACTION**

13

14                         **FIRST CAUSE OF ACTION:**
                       **Freedom of Speech and Association**

15         **42 U.S.C. § 1983, First Amendment to the U.S. Constitution**
               **Injunction and Damages (All Defendants)**

16

17    46. The Orders by defendant police officers to plaintiffs to remove their clothing and articles

18    bearing the Hells Angels insignia and symbols were perfectly unfounded, unconstitutional and illegal,

19    since defendants had no reasonable or rational or colorable legal grounds on which to forbid them

20    to wear and display their biker club symbols, and to associate together and seek to promote the club

21    as they wished, which was their fundamental right, guaranteed by the First Amendment.

22    Defendants' (false) pretense of a "policy" of the City of Pittsburg to forbid such display and

23    association does not relieve them of liability for violation of plaintiffs' rights; rather, it implicates the

24    City itself in the violations, under the *Monell* rules. In the circumstances, the plaintiffs are entitled to

25    judgment, a Declaration of their rights, and an Order of this Court affording them injunctive

26    protection for the future, against both the officers who acted against them and the City, and through

27    it the Police Department. The threat of future enforcement of the unlawful ban "policy", explicit

28    and pointedly intimidating, clearly threatens plaintiffs and others in their group with imminent,

-9-

FIRST AMENDED COMPLAINT

1  highly likely irreparable harm, in the form of false arrest and imprisonment if they again assert their

2  rights, as they wish to do, and warrants preliminary and permanent intervention by the Court for

3  protection of those rights, as well as judgment in damages.

4

5                              **SECOND CAUSE OF ACTION**:
                               **False Arrest and Imprisonment**
6          **42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution**
                                   **(All Defendants)**
7

8      47.  As above, the detention and arrest of plaintiff Alfred Abono, as a means of (illegally)

9  cutting off his First Amendment rights, and punishing him summarily for attempting to exercise

10 them, was groundless and false, in violation of his right against unreasonable seizure under the

11 Fourth Amendment, entitling him to judgment against the individual defendants who arrested him,

12 and against the City as well, for the "policy" as asserted by its officers, throughout, for  the damages

13 and loss he suffered, as described and to be shown.

14
                               **THIRD CAUSE OF ACTION:**
15                           **Violation of California Civil Rights**
                          *Bane Act,* **Cal. Civil Code §§ 52.1 and 52**
16                                  **(All Defendants)**

17     48. The actions of defendants in prohibiting display of plaintiffs' emblems, and their

18 association wearing them, and threatening plaintiffs with arrest if they did not desist, and arresting

19 and prosecuting plaintiff Abono in particular, interfered with plaintiffs' rights under Article One, §§

20 1, 2, 7, 13  of the California Constitution, as well as federal Constitutional rights, as described above,

21 by threat, intimidation and coercion within the prohibitions of the Bane Act,  Section 52.1 of the

22 Civil Code, entitling plaintiffs, and Abono in particular, to judgment, and statutory penalties, for

23 their damages and loss; and plaintiffs would also assert their right to injunctive relief under

24 California Civil Code § 52, along with their 42 U.S.C. §1983 rights in that regard.

25

26

27

28

FIRST AMENDED COMPLAINT                              -10-

1

**FOURTH CAUSE OF ACTION:**
**Cal. Constitution, Art. I, §§ 1 and 13; Cal. Civil Code §§ 1708 and 3333;**
2
**Cal. Cal. Gov't Code §§ 815.2 and 815.6**
**and California Common Law**

3

4          49.  Defendant City is liable as a municipal entity for breaching mandatory duties to

5    investigate, punish, and prevent police misconduct, and to protect people from false arrest and

6    imprisonment, which proximately caused plaintiff's injuries herein, per Cal. Government Code §

7    815.6.

8          50.  The City of Pittsburg is further liable in *respondeat superior* for false arrest and

9    imprisonment, committed by the individual defendant officers, in the course and scope of their

10   employment, per Gov't Code § 815.2.

11

12                        **FIFTH CAUSE OF ACTION:**
                  **Defamation and Invasion of Privacy (False Light)**
13                          **California Common Law**
                              **(All Defendants)**
14

15         51.  By making a public spectacle of their detention and arrest of plaintiff Abono – by

16   drawing attention to him, arresting him, handcuffing him, and placing him in a transport vehicle—at

17   a public street fair event, defendants defamed him in the public eye and portrayed him in the utterly

18   false light of a dangerous scofflaw or miscreant, when in fact, he was merely exercising his

19   constitutionally protected rights.

20         52.  Defendant City is liable in *respondeat superior* for defamation and invasion of privacy (false

21   light), committed by the individual defendant officers, in the course and scope of their employment,

22   per Gov't Code § 815.2.

23

24                        **VI.  DAMAGES AND REMEDIES**

25         **WHEREFORE,** the plaintiffs pray for relief herein as follows:

26         **53.  INJUNCTION.**  Plaintiffs ask the Court to find and declare that, in the absence of

27   particular, articulated circumstances reasonably requiring restriction, they and 'others similarly

28   situated' have a right guaranteed by the First Amendment and the California Constitution to wear

-11-

FIRST AMENDED COMPLAINT

1   Hells Angels club jackets and other apparel bearing the club name, pictures and symbols, and to
2   display and distribute such materials in the City of Pittsburg at public events and otherwise; <u>to find</u>
3   <u>further</u> that plaintiffs face imminent irreparable harm for which there is no adequate remedy at law;
4   and so to enter preliminary and permanent Orders of Injunction, on the individual defendants
5   herein, the City of Pittsburg and through it the entire Pittsburg Police Department, <u>directing them to</u>
6   <u>cease and desist</u> from enforcing or purporting to enforce in and about the city any ban or
7   prohibition on the wearing or display of Hells Angels emblems, insignia, signs, names, pictures,
8   words or symbols, or on plaintiffs and their associates reasonably grouping together in public
9   wearing or displaying such communicative devices in the name of their association; <u>and</u> from
10  discriminating against or otherwise harassing them because of their association with the Hells Angels
11  as such, all under the protection of the First Amendment, and Article One §§ 1 and 2 of the
12  California Constitution.
13       54.       **DAMAGES.**   Plaintiffs Mark Davis, Daniel Roay and Alfred Abono, Jr. seek
14  compensatory damages for violation of and interference with their state and federal rights to free
15  speech and freedom of association, under 42 U.S.C. § 1983 <u>and</u> Cal. Civil Code §52, together with
16  the penalties payable under Cal. Civil Code § 52.  Plaintiff Alfred Abono in addition seeks
17  compensatory and punitive damages for violation of his state and federal right against unlawful
18  detention and arrest pursuant to the above-listed statutes.  Each plaintiff demands judgment against
19  defendants for these claims according to proof.
20       55.       Plaintiffs also ask for their Costs herein, and an award of attorneys fees and
21  expenses as provided for by state and federal law.
22       56.       Fines and penalties as authorized by California Civil Code §52 *et. seq.*
23       57.       Plaintiffs demand Trial by Jury of their legal claims and all disputed facts; <u>and,</u>
24       58.       such other relief as the Court deems just and proper.
25
26
27
28

FIRST AMENDED COMPLAINT                              -12-

| | |
|---|---|
| 1 | Respectfully Submitted, |
| | DATED: September 13, 2007 |
| 2 | |
| 3 | __/s/DennisCunningham_____ |
| 4 | DENNIS CUNNINGHAM<br>ALAN CAPLAN |
| 5 | JAI M. GOHEL |
| 6 | Attorneys for Plaintiffs |

-13-

**FIRST AMENDED COMPLAINT**