1  DENNIS CUNNINGHAM, CA SBN 11290
   Law Offices of Dennis Cunningham
2  115 ½  Bartlett Street
   San Francisco, California 94110
3  Telephone: (415) 285-8091
4  Facsimile:  (415) 285-8092

5  ALAN CAPLAN, MA SBN 072700
   630 Carolina Street
6  San Francisco, CA 94107
   Telephone: (415) 826-2371
7  Facsimile:  (415) 824-7148
   Email: apc716@pacbell.net
8

9  JAI M. GOHEL, CA SBN No. 170782
   Attorney at Law
10 819 Eddy Street
   San Francisco, California 94109
11 Telephone: (415) 771-6174
   Facsimile:  (415) 474-3748
12 Email: jaigohel@rocketmail.com

13
   Attorneys for Plaintiffs
14

15
16            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              -oo0oo-

17 ALFRED J. ABONO, JR., MARK W. DAVIS
   and DANIEL ROAY,
18              Plaintiffs,                     No. 07-cv-5371-MHP
19     v.
20 CITY OF PITTSBURG, a municipal entity
   form unknown, AARON L. BAKER, Chief of      **PLAINTIFF'S OBJECTION TO REMOVAL**
21 Police, City of Pittsburg in his individual and  **and REQUEST FOR REMAND**
   official capacity, LT. W. DERBY, City of
22 Pittsburg Police Department, an individual,
   SGT. (fnu) CALIA, City of Pittsburgh Police
23 Department, an individual, SGT. (fnu)       **Administrative Motion**
   DUPONT, City of Pittsburg Police
24 Department, and JOHN DOES 1-20.
25              Defendants.
26
27
28

OBJECTION TO REMOVAL AND MOTION FOR REMAND                                        1

1    Plaintiffs object to defendants' Removal of their State case, <u>Abono v. City of Pittsburg, et
2 al.</u>, No. C07-0173, per the Notice of Removal, E-filed on October 22, 2007, on grounds that
3 there is no federal claim asserted therein --- notwithstanding the fact it alleges violation of civil
4 rights --- and therefore no jurisdiction of the action in this Court.  It is true that the companion
5 action that <u>was</u> filed in this Court, <u>Abono, et al. v. City of Pittsburg, et al</u>,  No. C-07-3969-SBA
6 arises from the same events and circumstances, and <u>does</u> assert <u>federal</u> constitutional claims as
7 well as pendent state claims identical to those alleged in the second, state court action.  However,
8 this was done specifically in order to preserve the plaintiffs' choice of forum, in the event the
9 matter reaches the point where a jury trial of plaintiff Abono's false arrest claim(s),
10 constitutional and otherwise, becomes necessary.

11    Section 1441(b) of the Judicial Code provides for removal where an action is "founded
12 on a claim of right arising under the Constitution, treaties or laws of the United States," but the
13 case purportedly removed by defendants is not so founded.  28 U.S.C. 1441(b). Defendants'
14 assertion that, "the nature of the claims purport to arise under the Constitution and laws of the
15 United States, regardless of  how they are labeled.  Specifically the action alleges violations of
16 Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C.
17 #1983,…"  (Notice of Removal, p.2,L.16-19), is exactly wrong.  As can be seen from the exhibit
18 attached to the Notice, the state court case alleges violation of the Constitution and laws of
19 <u>California only</u>.  See, Notice of Removal, Exhibit A, Complaint in <u>Abono v. City of Pittsburg, et
20 al.</u>, No. C07-0173, <u>V. CAUSES OF ACTION</u>, Par.1, p.2:22-24; Pars.25-28, pp.6-7.[1]

21    A case that could not have been filed originally in federal court cannot be removed to
22 federal court, because there is no subject matter jurisdiction.  It is clear, black letter law that the
23 removal statute is to be strictly construed against removal in a given case, and all doubts should

---

[1] In fairness, it should be noted that a typographical error occurs in Par.25, on page 6 at line 17 of the state complaint, where the words "of the Constitution of California" should appear after the words "Sections 1 and 2", but were inadvertently dropped.  There are numerous other references, however, which --- along with the fact that defendants were served with both complaints (and no attempt was made to meet and confer on the question) --- should have made the plaintiff's intentions plain.

OBJECTION TO REMOVAL AND MOTION FOR REMAND                                              2

1  be resolved in favor of remand. See, e.g., Boggs v. Lewis, 863 F.2d 662 (9th Cir.(Mont.) 1988);
2  People of State of Ill. v. Kerr-McGee Chemical Corp., 677 F.2d 571 (7th Cir. (Ill.) 1982),
3  certiorari denied 103 S.Ct. 469, 459 U.S. 1049, 74 L.Ed.2d 618; Gerard Ange v. Templer, 418
4  F.Supp.2d 1169 (N.D.Cal.2006); Johnson v. America Online, Inc., 280 F.Supp.2d 1018
5  (N.D.Cal.2003).  The Court of Appeals for the Seventh Circuit has specifically held that the mere
6  fact that a related case is pending in the federal court is not itself sufficient grounds for removal.
7  See, Fabricius v. Freeman, 466 F.2d 689 (C.A.7 (Ill.) 1972).
8      The principle of strict construction is so strong that if the Court, on removal, determines
9  that it does not have jurisdiction, "it is obligated, on its own motion if necessary, to remand."
10 Strange v. Arkansas-Oklahoma Gas Corp., 534 F.Supp.138, 139 (W.D.Ark.1981); see also, Pettit
11 v. Arkansas Louisiana Gas Co., 377 F.Supp.108 (E.D.Okla.1974).
12     It was and remains the plaintiffs' explicit intention that the state court action would be
13 lodged, and then presumably stayed, while the equitable matters could be pressed in this Court in
14 the federal version; and that time would tell if, when and where (i.e, in which court) a trial of the
15 false arrest claim might best be pursued.  Another familiar principle is that a plaintiffs' choice of
16 forum is entitled to respect; see, e.g., Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258, 102 S.Ct.
17 252 (1981).  There is no reason to depart from these basic principles here.
18     WHEREFORE, the plaintiff respectfully prays that the Court will vacate the Notice of
19 Removal in this action, and remand the case to the Superior Court; and for such other relief as is
20 just and appropriate in the premises.

DATED: November 1 2007

Respectfully Submitted,

/s/  Dennis Cunningham
DENNIS CUNNINGHAM
ALAN CAPLAN
JAI M. GOHEL
Attorneys for Plaintiffs