DENNIS CUNNINGHAM, CA SBN 11290
Law Offices of Dennis Cunningham
115 ½ Bartlett Street
San Francisco, California 94110
Telephone: (415) 285-8091
Facsimile: (415) 285-8092

ALAN CAPLAN, MA SBN 072700
630 Carolina Street
San Francisco, CA 94107
Telephone: (415) 826-2371
Facsimile: (415) 824-7148
Email: apc716@pacbell.net

JAI M. GOHEL, CA SBN No. 170782
Attorney at Law
819 Eddy Street
San Francisco, California 94109
Telephone: (415) 771-6174
Facsimile: (415) 474-3748
Email: jaigohel@rocketmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
-oo0oo-

| | |
|---|---|
| ALFRED J. ABONO, JR., MARK W. DAVIS and DANIEL ROAY,<br>       Plaintiffs,<br>  v.<br>CITY OF PITTSBURG, a municipal entity form unknown, AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity, LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburgh Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, and JOHN DOES 1-20.<br>       Defendants. | No. 07-cv-5371-MHP<br><br>**PLAINTIFF'S OBJECTION TO REMOVAL and NOTICE of MOTION and MOTION FOR REMAND**<br><br>DATE: February 4, 2008<br>TIME: 4:00 p.m.<br>**Judge PATEL** |

1  **TO THE DEFENDANTS AND THEIR ATTORNEYS: PLEASE TAKE NOTICE that,** on February 4, 2008, at 4:00 p.m., the time previously fixed by the Court for the initial status conference in the removed case, the undersigned will move the Court for an Order remanding the case to the Superior Court of California in Contra Costa County, on grounds that the matter is not subject to Removal, according to law. The Motion will be based on the below-stated objections, arguments and precedents and such argument as the Court cares to entertain.

### OBJECTION and MOTION FOR REMAND

Plaintiffs object to defendants' Removal of their companion case, <u>Abono v. City of Pittsburg, et al.</u>, No. C07-0173, per the Notice of Removal, E-filed October 22, 2007, on grounds that there is no federal claim asserted therein --- notwithstanding the fact it alleges violation of civil rights --- (and no diversity) and therefore no jurisdiction of the action in this Court. It is true that the companion action that <u>was</u> filed in this Court, <u>Abono, et al. v. City of Pittsburg, et al</u>, No. C-07-3969-SBA arises from the same events and circumstances, and <u>does</u> assert <u>federal</u> constitutional claims as well as pendent state claims identical to those alleged in the second, state court action. However, this was done specifically in order to preserve the plaintiffs' choice of forum, in the event the matter reaches the point where a jury trial of plaintiff Abono's false arrest claim(s), constitutional and otherwise, becomes necessary. As discussed below, plaintiff has a right to the strategic approach of his choice in pressing his own and his joint civil rights claims. Wherefore, plaintiff Abono makes and reiterates his motion for remand,

### ARGUMENT

Section 1441(b) of the Judicial Code provides for Removal where an action is "founded on a claim of right arising under the Constitution, treaties or laws of the United States," but the case purportedly removed by defendants is not so founded. 28 U.S.C. 1441(b). Defendants' assertion that, "the nature of the claims purport to arise under the Constitution and laws of the United States, regardless of how they are labeled. Specifically the action alleges violations of Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C. #1983,…" (Notice of Removal, p.2,L.16-19), is exactly wrong. As can be seen from the exhibit attached to the Notice, the state court case alleges violation of the Constitution and laws of

OBJECTION TO REMOVAL AND MOTION FOR REMAND                                                                                     2

1  California only. See, Notice of Removal, Exhibit A, Complaint in <u>Abono v. City of Pittsburg, et
2  al.</u>, No. C07-0173, Section <u>V. CAUSES OF ACTION</u>, Par.1, p.2:22-24; Pars.25-28, pp.6-7.[1]
3       A case that could not have been filed originally in federal court cannot be removed to
4  federal court, because there is no subject matter jurisdiction. It is clear, black letter law that the
5  removal statute is to be strictly construed against removal in a given case, and all doubts should
6  be resolved in favor of remand. See, e.g., <u>Boggs v. Lewis</u>, 863 F.2d 662 (9th Cir.(Mont.) 1988);
7  <u>People of State of Ill. v. Kerr-McGee Chemical Corp.</u>, 677 F.2d 571 (7th Cir. (Ill.) 1982),
8  certiorari denied 103 S.Ct. 469, 459 U.S. 1049, 74 L.Ed.2d 618; <u>Gerard Ange v. Templer</u>, 418
9  F.Supp.2d 1169 (N.D.Cal.2006); Johnson v. America Online, Inc., 280 F.Supp.2d 1018
10 (N.D.Cal.2003). The Court of Appeals for the Seventh Circuit has specifically held that the mere
11 fact that a related case is pending in the federal court is not itself sufficient grounds for removal.
12 See, <u>Fabricius v. Freeman</u>, 466 F.2d 689 (C.A.7 (Ill.) 1972).
13      The principle of strict construction is so strong that if the Court, on removal, determines
14 that it does not have jurisdiction, "it is obligated, on its own motion if necessary, to remand."
15 <u>Strange v. Arkansas-Oklahoma Gas Corp.</u>, 534 F.Supp.138, 139 (W.D.Ark.1981); see also, <u>Pettit
16 v. Arkansas Louisiana Gas Co.</u>, 377 F.Supp.108 (E.D.Okla.1974).
17      Another familiar principle is that a plaintiffs' choice of forum is entitled to respect; see,
18 e.g., <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 258, 102 S.Ct. 252 (1981). Moreover, Courts
19 have recognized that, "a plaintiff who has both state and federal claims may avoid federal court
20 by limiting his or her complaint to only state law claims. Under the well-pleaded complaint rule,
21 absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively
22 allege a federal claim. See, *Fedor v Cingular Wireless Corp.,* 355 F.3d 1069, 1071 (7th Cir.
23 2004), citing *Beneficial National Bank v. Anderson*, 539 U.S.1, 123 S.Ct 2058, 2062 (2003). In

---

[1] In fairness, it should be noted that a typographical error occurs in Par.25, on page 6 at line 17 of the state complaint, where the words "of the Constitution of California" should appear after the words "Sections 1 and 2", but were inadvertently dropped. There are numerous other references, however, which --- along with the fact that defendants were served with both complaints (and no attempt was made to meet and confer on the question) --- should have made the plaintiff's intentions plain.

1  *Opera Plaza Assn v. Hoang,* the Court for the Ninth Circuit cited *Beneficial Bank* for the rule
2  that federal jurisdiction over a state law claim is proper only where Congress has expressly
3  provided for it or where federal law pre-empts the claim. *Opera Plaza Assn v. Hoang,* 371 F.3d
4  831, ___ (9th Cir. 2004). Neither of these things has occurred. In particular, Section 1983 does
5  not pre-empt state civil rights jurisdiction.
6      There is no reason to depart from these basic rules. It was and remains the plaintiffs'
7  explicit intention that the state court action would be lodged, and then presumably stayed, while
8  the equitable matters could be pressed in this Court in the federal version; and that time would
9  tell if, when and <u>where</u> (i.e, in which court) a trial of the false arrest claim might best be pursued.
10     WHEREFORE, the plaintiff respectfully prays that the Court will vacate the Notice of
11 Removal in this action, and remand the case to the Superior Court; and for such other relief as is
12 just and appropriate in the premises.

DATED: December 31, 2007

Respectfully Submitted,

/s/ Dennis Cunningham
DENNIS CUNNINGHAM
ALAN CAPLAN
JAI M. GOHEL
Attorneys for Plaintiffs