Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Ruthann G. Ziegler (SBN: 88854)
rziegler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 Capitol Mall, Suite 1200
Sacramento, CA  95814
Telephone: (916) 556-1531
Facsimile: (916) 556-1516

Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and
SERGEANT RODERICK DUPONT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. ABONO, JR. MARK W. DAVIS, and DANIEL ROAY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20,<br><br>Defendants. | Case No: C07-5371 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>DATE:   February 4, 2008<br>TIME:   4:00 p.m.<br>DEPT.:  Ctrm 15, 18th Floor<br>        Hon. Marilyn Hall Patel<br><br>Complaint Filed: August 2, 2007<br>Service Effective: September 21, 2007<br>Removed on October 22, 2007 |

## I. **INTRODUCTION**

Plaintiffs have filed two identical complaints in two separate forums—one in state court and one in federal court. After the Defendants removed, related, and moved to consolidate these identical actions, Plaintiffs now ask this Court to remand the state claims while admitting that they are bringing a civil rights claim—which is <u>federal</u> cause of action. Because Plaintiffs admit that both complaints contain civil rights allegations, both are based on identical questions of fact and identical questions of law (see, Plaintiff's Objection to Removal and Notice of Motion and Motion to Remand, 2:8-15), this Court should deny Plaintiffs' motion to remand.

## II. **OPPOSITION**

On September 21, 2007, Plaintiffs (Abono, Davis and Roay) filed an action in the U.S. District Court, Northern District, against the above Defendants in Docket No. C07-3969 SBA ("Initial Federal Action"), alleging violations of Plaintiffs' constitutional and state law rights based on their First Amendment right to free speech. And, on this same date Plaintiff filed an action in the Superior Court of the State of California, in and for the County of Contra Costa—now Docket No. C07-05371 MPH ("the Removed Action"). The Removed Action is against the same Defendants, and contains factual allegations and causes of action which are identical to the Initial Federal Action, save for the labeling of these claims.

The Removed Action contains four causes of action, (1) <u>violation of freedom of speech</u>, (2) <u>false arrest and imprisonment</u>, (3) <u>*respondeat superior* liability against the City</u>, and (4) <u>defamation and invasion of privacy</u>.

The Initial Federal Action contains four identical causes of action for (1) <u>violation of freedom of speech and association</u>, (2) <u>false arrest and imprisonment</u>, (3) <u>*respondeat superior* liability against the City</u>, and (4) <u>defamation and invasion of privacy</u>, and one additional cause of action based upon California Civil Rights statutes: Violation of the Bane Act, §§52.1 and 52.

Because the two Actions share identical charging allegations, identical factual allegations, and a majority of identical causes of action, for judicial economy and because Defendant City *is* a public entity expending a finite amount of public funds, the Defendants are seeking consolidation of the two actions into one streamlined case.

1   Moreover, regardless of what a plaintiff chooses to label its cause of action, it is the specific
2   allegations in support of that cause of action which control, and for which defendants must answer.
3   *Labram v. Havel* (4th Cir. 1995) 43 F.3d 918, 920-921. Here Plaintiffs are specifically alleging that the
4   Defendants, in their official capacities, acted under color of law to deprive the Plaintiffs of their <u>civil</u>
5   <u>rights</u> to freedom of speech. A civil rights claim by its elements is based upon federal law. See,
6   Manual of Model Civil Jury Instructions, 9.1. The Plaintiffs' claims, then, arise under the U.S.
7   Constitution and federal law. Because federal question jurisdiction exists, the Defendants are entitled
8   to proceed in this forum. Plaintiffs admit that there is such a claim in both of their complaints. They
9   cannot raise federal claims, admit such, and then deprive the Defendants of their right to have them
10  adjudicated in a federal forum.

11  Finally, pursuant to Section 28 U.S.C. §1441(c), remand is improper where the federal and
12  state claims involve substantially the same facts. In other words, in cases such as the present, where
13  there is no "separate and independent claim" under Section 1441(c), courts do not have discretion to
14  remand. *Smith v. Amedisys Inc.* (5th Cir. 2002) 298 F.3d 434, 439. Here, all of Plaintiffs' claims
15  derive from the same nucleus of operative facts: allegations that the City's officers violated plaintiffs'
16  free speech rights. Nothing in Section 1441(c) relieves federal courts from exercising jurisdiction on
17  claims arising under federal law. (See, *Hickerson v. City of New York* (SD NY 1996) 932 F. Supp.
18  550, 558.) Such jurisdiction is mandatory, not discretionary. *Ibid.*

19  Defendants' citations to cases discussing the doctrine of *forum non conveniens* are inapplicable.
20  We are not dealing with a single cause of action, or single Complaint with the plaintiffs' attempts at
21  crafting the causes of action within that Complaint to artfully exclude any reference to federal law;
22  rather we are dealing with <u>two identical complaints</u>, whose sole purpose seems to be to make the
23  Defendants mount a defense to these identical actions in two separate forums.

24  **III.   CONCLUSION**

25  Through their motion to remand, Plaintiffs seek the Court's complicity in forcing the
26  defendants to defend themselves against an overwhelming majority of <u>identical claims</u> in two <u>identical</u>
27  <u>actions</u> arising from <u>an identical set of facts</u> in <u>two separate forums</u>. For reasons of judicial economy
28  and judicial equity, this should not be allowed. Both of Plaintiffs' Complaints allege common factual

allegations: On June 25, 2006, all three plaintiffs contend their First Amendment free speech rights, among others, were violated by the individually-named defendants and the City. Both Complaints allege common legal contentions: that the defendants (1) violated all three plaintiffs' civil rights to freedom of speech and association, (2) falsely arrested and imprisoned plaintiff Abono, and invaded plaintiff Abono's right to privacy and defamed him. For all intents and purposes, they are identical. They should therefore be consolidated, and remain consolidated into a single, streamlined action for the sake of judicial economy as well as conservation of the parties' time and resources.

Dated: January 14, 2008         Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON


By: _____/s/_____
        Tricia L. Hynes
Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
and SERGEANT RODERICK DUPONT

1046821_1.DOC