Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and
SERGEANT RODERICK DUPONT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. ABONO, JR.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20,<br><br>　　　　　　Defendants. | Case No: C07-5371 MHP<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 31, 2008<br>Time: 4:00 p.m.<br>Dept.: Courtroom 15, 18th Floor<br><br><br>Complaint Filed: August 2, 2007<br>Service Effective: September 21, 2007<br>Removed on October 22, 2007 |

Defendants' Case Management Statement [C07-5371 MHP]

| | |
|---|---|
| 1 | Defendants apologize to the Court for filing this Separate Case Management Statement, but we |
| 2 | have not heard back from any of plaintiffs' attorneys and thus, are forced to make this separate filing. |
| 3 | 1. <u>Jurisdiction & Service</u>.   This is a civil rights case, under 42 USC 1983, seeking Declaratory and |
| 4 | Injunctive relief, and damages, for violation of the plaintiffs' First Amendment rights, thus jurisdiction |
| 5 | is proper based upon 28 USC §1441(b).  All parties have been served. |
| 6 | 2. <u>Facts</u>. |
| 7 | <u>Defendants' Facts</u>: |
| 8 | One or more of the Plaintiffs were attending a first annual Thunder Days motorcycle event |
| 9 | sponsored by the Pittsburg Chamber of Commerce.  Signs were posted by the Chamber of Commerce |
| 10 | at all points of ingress and egress stating that no gang colors or club jackets could be worn at the event |
| 11 | and attendees had to pay a fee to enter.  When Pittsburg Police Officers saw Hell's Angels Motorcycle |
| 12 | club members setting up a booth and wearing club jackets, the Officers radioed their Chamber contact |
| 13 | to ask if the booth was authorized by the Chamber, and to see if the Chamber wanted the "no club |
| 14 | jackets" Chamber rule enforced.  The Chamber contact said that the booth was not authorized and |
| 15 | asked that the officers remove it.  The Chamber contact further stated that she would like the no club |
| 16 | paraphernalia enforced.  The officers told the Hell's Angels to remove their booth and take off their |
| 17 | club paraphernalia.  All but Plaintiff Alfred Abono complied.  After pleading with him to no avail, the |
| 18 | officers had no other choice but to arrest him. |
| 19 | 3.  <u>Legal Issues</u>. |
| 20 | A.  Whether Plaintiff Abono's rights were violated? |
| 21 | B.  Whether Plaintiff Abono can recover damages for arrest and imprisonment in violation of |
| 22 | his rights? |
| 23 | C.  Whether the individual Defendants or any of them are entitled to qualified immunity? |
| 24 | D.  Whether the individual Defendants' actions were reasonable? |
| 25 | E.  Whether the Plaintiff's claims are mooted by virtue of the City's special permits ordinance? |
| 26 | 4.  <u>Motions</u>.  Defendants plan on bringing a summary judgment motion based on mootness of |
| 27 | Plaintiff's claims. |
| 28 | 5.  <u>Amendment of Pleadings</u>.   N/A. |

6. <u>Evidence Preservation</u>.  Defendants have issued a memo to all applicable City departments requesting that they preserve any documents and things that are related to this case because of this litigation.

7. <u>Disclosures</u>.  Initial disclosures have been completed.

8. <u>Discovery</u>.  Discovery not yet initiated; the parties appeared before Judge Larson on March 4 for a settlement conference, during which time the plaintiffs presented the defendants with a proposed consent decree.  Judge Larson asked defense counsel to follow up on what occurred during the criminal prosecution of Abono, as well as to provide the Court with citations to two cases that deal with motorcycle gangs and the First Amendment, *Villegas v. City of Gilroy*: *Villegas v. City of Gilroy*, 484 F.3d 1136 (9th Cir. 2007) -- 9th Circuit Opinion; *Villegas v. City of Gilroy*, 503 F.3d 974 (9th Cir. 2007) -- Order granting rehearing en banc; *Villegas v. City of Gilroy*, 363 F.Supp.2d 1207 (N.D.Cal. 2005.) -- Dist. Ct. Opinion; and *Sammartano v. First Judicial District Court*, 303 F.3d 959 (9th Cir.2002), after which the parties may wish to continue settlement talks before Judge Larson.

9. <u>Class Action</u>    N/A

10. <u>Related Case</u>.  Plaintiff Abono, along with two other plaintiffs, have filed an Action in federal court, presently pending before the Honorable Saundra Brown Armstrong, Action No. C07-3969 SBA.  Both this Action and Action No. C07-3969 SBA are presently set for an early settlement conference before Magistrate Judge Larson on March 11, 2008.

11. <u>Relief</u>.  Plaintiff seeks money damages under Sec. 1983 and/or the Bane Act (Cal Civil Code Sec. 52.1 *et seq*) for false arrest etc.

12. <u>Settlement & ADR</u>.  Settlement discussions are in progress already, as noted.  In addition, parties have stipulated to an early settlement conference before a Magistrate Judge, currently set for March 11, 2008.

13. <u>Consent to Magistrate</u>.  Defendants previously declined to proceed before a magistrate judge.

14-16.  Not applicable.

17. <u>Schedule</u>.  Defendants are reporting back to Judge Larson on the questions he raised, and may reset a settlement conference with him.

18. <u>Trial</u>.  Defendants feel that the case should take no more than two or three days for presentation of evidence.

19. <u>Interests of Non-parties</u>.   None known to Defendants.

20. <u>Other</u>.  The City of Pittsburg recently adopted a Special Events Permitting Ordinance and mandatory Administrative Instructions which Defendants believe moots this entire litigation.

Dated:  March 21, 2008                                  Respectfully submitted,

                                        MEYERS, NAVE, RIBACK, SILVER & WILSON


                                        By:  _____/s/_____
                                              Tricia L. Hynes
                                        Attorneys for Defendants
                                        CITY OF PITTSBURG, CHIEF AARON BAKER,
                                        LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
                                        and SERGEANT RODERICK DUPONT

1074911_1.DOC