1  DENNIS CUNNINGHAM, CA SBN 11290
Law Offices of Dennis Cunningham
2  115 ½  Bartlett Street
San Francisco, California 94110
3  Telephone:  (415) 285-8091
Facsimile:   (415) 285-8092
4

5  ALAN CAPLAN, MA SBN 072700
630 Carolina Street
6  San Francisco, CA 94107
Telephone:  (415) 826-2371
7  Facsimile:   (415) 824-7148
Email:  apc716@pacbell.net
8

9  JAI  M. GOHEL, CA SBN No. 170782
Attorney at Law
10  819 Eddy Street
San Francisco, California 94109
11  Telephone:  (415) 771-6174
Facsimile:   (415) 474-3748
12  Email: jaigohel@rocketmail.com

13
Attorneys for Plaintiffs
14

15              IN THE UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         -oo0oo-
17  ALFRED J. ABONO, JR.,  MARK W. DAVIS
and DANIEL ROAY,
18                 Plaintiffs,        No. 07-cv-5371-MHP

19       v.

20  CITY OF PITTSBURG, a municipal entity       JOINT CASE MANAGEMENT STATEMENT
form unknown, AARON L. BAKER, Chief of
21  Police, City of Pittsburg in his individual and
official capacity, LT. W. DERBY, City of
22  Pittsburg Police Department, an individual,
SGT. (fnu) CALIA, City of Pittsburgh Police
23  Department, an individual, SGT. (fnu)        DATE: March 31, 2008
DUPONT, City of Pittsburg Police            TIME: 10:00 a.m.
24  Department, and JOHN DOES 1-20.               Judge PATEL

25
                 Defendants.
26

27

28

**UPDATE**

The parties and counsel met with the hon. James Larson, U.S. magistrate Judge on March 11, 2008, for a Settlement Conference in the combined cases: this case and Abono v. City of Pittsburg, No. C-07-3969-SBA. Progress was made in establishing understanding as to what terms a settlement of both matters might require. Various questions arose which need to be explored further on both sides, particularly including matters which must be checked with authorities of the defendant City, together with certain legal issues, whereupon the parties and Judge Larson expect top re-convene, in the near future.

In these circumstances, all concerned were of the view that Both Courts --- in each of which Case Management Conferences are pending in the near future (March 31, 2008 before Judge Patel; April 4, 2008 before Judge Armstrong) --- should be asked to put these matters on hold, or Off Calendar, until the steps agreed to on March 11 can be accomplished, and a further meeting or meetings can be held. In addition, the parties would be seeking extension of the time fixed for completing the ADR process, to, say, June 1, 2008, to allow time for everything that must be done. Otherwise, all aspects of the case remain as they were, as reflected in the sections set forth below.

WHEREFORE, the parties respectfully request that the Court re-set the Case Management Conference for some time in Early June, or, in the alternative, take the case off calendar until further notice from the parties and/or Judge Larson; that it extend the time for completion of the ADR process to June 1, 2008; and that the Court grant such other and further relief as may be warranted in the circumstances.

DATED: March 21, 2008                    Respectfully submitted,

                                         _____/S/_____
                                         Dennis Cunningham
                                         Attorney for Plaintiffs

                                         _____/S/_____
                                         Tricia Hynes
                                         Meyers, Nave
                                         Attorneys for Defendants

-2-

JOINT CMC STATEMENT 3/21/08

**1. Jurisdiction & Service**.   This is a civil rights case, under 42 USC 1983, seeking Declaratory and Injunctive relief, and damages, for violation of the plaintiffs' First Amendment rights.  All parties have been served(?)

**2. Facts.**

**A. Plaintiffs' Facts**:

The case arises from actions of Pittsburg police officers who refused to permit plaintiffs to attend or participate in a city-sponsored motorcycle fair, in May, 2006, because they were wearing clothing with pictures and emblems, etc., representing the "Hells Angels Motorcycle Club", and hoping to sell and distribute tee-shirts and other materials bearing those and similar symbols at a booth in the fair.  The defendant officers claimed (falsely) that there was an city Ordinance and/or policy which allowed them to forbid plaintiffs and others similarly situated entry to the fair unless they would remove the clothing, and refrain from distributing the club materials.  Plaintiff Albert Abono was arrested and jailed when he refused on principle to remove his jacket or leave the fair.

**B. Defendants' Facts:**

One or more of the Plaintiffs were attending a first annual Thunder Days motorcycle event sponsored by the Pittsburg Chamber of Commerce.  Signs were posted by the Chamber of Commerce at all points of ingress and egress stating that no gang colors or club jackets could be worn at the event and attendees had to pay a fee to enter.  When Pittsburg Police Officers saw Hell's Angels Motorcycle club members setting up a booth and wearing club jackets, the Officers radioed their Chamber contact to ask if the booth was authorized by the Chamber, and to see if the Chamber wanted the "no club jackets" Chamber rule enforced.  The Chamber contact said that the booth was not authorized and asked that the officers remove it.  The Chamber contact further stated that she would like the no club paraphernalia enforced.  The officers told the Hell's Angels to remove their booth and take off their club paraphernalia.  All

JOINT CMC STATEMENT 3/21/08

but plaintiff Alfred Abono complied.  After pleading with him to no avail, the officers had no other choice but to arrest him.

**3. Legal Issues.**

A.  Whether plaintiffs are entitled to declaratory and injunctive relief against defendants' alleged policy and practice of banning display of club symbols?

B.  Whether plaintiff Abono's rights were violated?

C.  Whether plaintiff Abono can recover damages for arrest and imprisonment in violation of his rights?

C.  Whether the individual defendants or any of them are entitled to qualified immunity?

D.  Whether the individual defendants' actions were reasonable?

**4. Motions.**  No motions yet made by either side.  Plaintiffs contemplate a motion for preliminary injunction, pending current discussions about possible settlement.

**5. Amendment of Pleadings**.   None contemplated at this time.

**6. Evidence Preservation.**   Defendants have issued a memo to all applicable City departments requesting that they preserve any documents and things that are related to this case because of this litigation.

**7. Disclosures.**  Initial disclosures have been completed.

**8. Discovery.**   Discovery not yet initiated; again, pending settlement discussions

**9. Class Action**    Nature of case suggests (to plaintiffs) a class claim may be appropriate with respect to the equitable claims; however, this should also abide pending the settlement talks.  Defendants strongly disagree.

**10. Related Case.**   A claim for false arrest and related civil rights violations on behalf of the named plaintiff, Alfred Abono, was filed in Superior Court in Contra Costa County, and subsequently removed to this court by defendants; now pending in front of the Honorable Marilyn Hall Patel.  Plaintiffs have objected to the removal on grounds that no federal claim was

-4-

included in the action, and a motion for remand is in the works, which may be mooted by the settlement process.

**11.  Relief.**  Plaintiffs are seeking a declaratory judgment and/or a preliminary and permanent injunction making clear the right of club members under the U.S. and California Constitutions to carry and display their symbols at non-public events in the City of Pittsburg.  In addition, plaintiff Abono seeks money damages under Sec. 1983 and/or the Bane Act (Cal Civil Code Sec. 52.1 et seq) for false arrest etc.

**12.  Settlement & ADR.**  Settlement discussions are in progress already, as noted.  In addition, parties have stipulated to an early settlement conference before a Magistrate Judge, and the settlement process may well benefit from such an assignment in the near future.

**13.  Consent to Magistrate**.  Defendants previously declined to proceed before a magistrate judge.

**14-16**.  Not applicable.

**17.  Schedule.**  Parties suggest the matter be put over for another status report around the end of March; by which time the matter may well be fully or partially resolved, and remaining scheduling needs, if any, will be apparent.

**18.  Trial.**  Equitable claims would be tried to the Court; the damage claims, if any remain, will be for a Jury, and the case should take no more than two or three days for presentation of evidence.

**19.  Interests of Non-parties.**  None known to plaintiffs.

**20.  Other.**  The City of Pittsburg recently adopted a Special Events Permitting Ordinance and mandatory Administrative Instructions which may wholly or partially moot this entire litigation.

JOINT CMC STATEMENT 3/21/08